# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3201 | **DATE** | 6-30-08 |
| **CASE TITLE** | Moore (B-16483) vs. Blagojevich, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $1.45 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and continue monthly deductions in accordance with this order. The Clerk is directed to: (1) terminate Defendants Rod Blaogojevich, Eddy Jones, and Guy Pierce pursuant to 28 U.S.C. § 1915(e)(2)(B); (3); (2) send a copy of this order to the trust fund officer at Pontiac Correctional Center; (3) issue summonses for service on the remaining Defendants; and (4) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied.

■ [ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff, Robbie J. Moore, an inmate at the Pontiac Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.45. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

    Plaintiff makes one claim that survives initial review. Plaintiff alleges that Stateville and Pontiac Correctional Centers discriminate against Plaintiff's practicing religion, "Practicing Pagan (Celtic Druid)", by failing to provide religious services because his religion is a "non mainstream belief (like Christianity)." Prisons cannot discriminate against a particular religion. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). Therefore, this claim survives initial review and Defendants Roger Walker, Jr., Director of the Illinois Department of Corrections; Terry McCann, Warden of Stateville Correctional Center and Eddie Jones, Warden of Pontiac Correctional Center, must respond to this claim. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) (proper defendants for purposes of equitable relief were supervisory officials of government agency). However, as discussed below, the complaint is dismissed as to all other claims and Defendants pursuant to 28 U.S.C. § 1915 (e)(2)(B).

    Plaintiff claims that Governor Rod Blagojevich discriminates against Plaintiff through the Clean Air

## STATEMENT

Act because Plaintiff is not allowed to smoke in his prison cell. Governor Blagojevich has absolute immunity from liability under Section 1983 for his legislative activities related to the Clean Air Act. *See Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998); *see also Smiley v. Holm*, 285 U.S. 355, 382-73 (1932) (recognizing that a Governor's signing of a bill constitutes part of the legislative process). Furthermore, Plaintiff's claim is frivolous. *See Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th Cir. 1994) (finding prisoner Section 1983 suit alleging prison's smoking ban violates prisoner's constitution rights frivolous); *cf. Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (prison officials may have a constitutional duty to protect inmates from high levels of ambient smoke).

Plaintiff also brings suit against Governor Blagojevich for allowing Plaintiff to be falsely convicted. Plaintiff cannot challenge his criminal convictions by way of a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1984). To the extent that Plaintiff claims that he has been unlawfully convicted, he must pursue federal relief by way of a *habeas corpus* action, and only after exhausting available state court remedies. *See, generally*, 28 U.S.C. § 2254.

Plaintiff next claims that Walker does not perform his duties, allows all wardens to violate prison inmates' rights, and allowed Plaintiff to be transported while he had a pending *habeas corpus* petition.

*Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). However, Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*)). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 779 (7th Cir. 2007).

Other than Plaintiff's claim that Walker allowed Plaintiff to be transferred while he had a pending *habeas corpus* petition, Plaintiff's claims against Walker fail provide Walker fair notice of the claims against him and the grounds on which they rest. Further, Plaintiff's claim that he was transferred while having a pending *habeas corpus* petition fails to state a claim under Section 1983. *See Ramirez v. Turner*, 991 F.2d 351, 353 (7th Cir. 1993) (prisoner has no liberty interest in being housed at a particular prison).

Plaintiff's claims against McCann include: "breach of agreement of Lewis v. Washington," "not providing adequate health care," and "not allowing the Plaintiff a safe environment." These general allegations fail to provide McCann fair notice of the claims against him and the grounds on which they rest.

Plaintiff brings two additional claims against McCann, including a violation of fire and health codes by placing pad locks on cell doors and violation of health codes by allowing vermin in the kitchen, dining room, and cells.

Plaintiff's claim of a violation fire and health codes by placing pad locks on cell doors fails to state a claim under Section 1983. *See Juriss v. McGowan*, 957 F.2d 345, 349 n. 1 (7th Cir. 1992) (a predicate constitutional violation is required for a *prima facie* case under Section 1983). Moreover, even assuming the Defendants violated fire and health codes, Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *see also Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988).

Plaintiff's claim of a violation of the health code by allowing vermin in the prison also fails to state a claim. Conditions of confinement are unconstitutional if they result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measures of life's necessities." *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989). Thus, a plaintiff must allege more than mere discomfort or inconvenience. *See Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986). "Keeping

## STATEMENT

vermin under control in jails, prisons and other large institutions is a monumental task. . . . the failure to do so, without any suggestion that it reflects deliberate and reckless conduct in the criminal law sense, is not a constitutional violation." *Glenn v. Cook Cty. Jail*, 1993 WL 20222, 93 C 248 (N.D. Ill. Jan 27, 1993). Here, Plaintiff only alleges the presence of vermin, he does not make any allegations rising to a constitutional violation. Furthermore, Plaintiff is no longer at Stateville and he does not allege any injury to himself from the presence of the vermin while he was at Stateville. A Section 1983 defendant cannot be held liable in damages without some showing of injury to the plaintiff. *See Niehus v. Liberio*, 973 F.2d 526, 531-32 (7th Cir. 1992); *see also*, 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiffs also claims that he is taxed and/or overcharged for items at the commissary. Commissary prices implicate no constitutional right. *See Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill.1995). Plaintiff does not allege that he was denied the basic necessities of living, which jails and prisons are constitutionally required to provide. Rather, he alleges only that he and other inmates are charged too much and taxed. Because the Correctional Center provides for the basic necessities of living for its inmates, Plaintiff has no protected property or liberty interest in commissary privileges. *See Robinson*, 890 F. Supp. at 718; *see also Bennett v. Sheahan*, 1999 WL 967534, No. 99-2270 (N.D. Ill. Oct. 5, 1999). Plaintiff's claim that the commissary overcharges and taxes commissary items fails to state a federal claim for relief.

Plaintiff's also claims that the Correctional Center impermissibly withholds an inmate's $10.00 in "state pay" when the inmate is in segregation because such pay "is not a privilege – it is a right." Contrary to Plaintiff's allegation, prisoners do not have a protected liberty interest in idle pay. *See Stacy v. McGinnis*, 1994 WL 85975, 91 C 1705 (N.D. Ill. March 14, 1994); *Parker-Bey v. Roth*, 1992 WL 314191, 90 C 2983 (N.D. Ill. Oct. 26, 1992); *see also Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) (prisoners are not entitled to compensation or a particular salary when they work in prison).

Plaintiff claims that Jones violates Plaintiff's rights by requiring Plaintiff to have visits in a visiting room for inmates in segregation when Plaintiff is not in segregation. Plaintiff does not identify what federal constitutional right he is claiming is violated by his place of visitation. Plaintiff does not appear to be alleging an equal protection violation, as he does not contend that he is being treated differently than other inmates. Further, limitations placed on visitation of prisoners that do not effectively, or actually, prevent the prisoner from receiving any visitors do not constitute a deprivation of a prisoner's protected liberty interest in receiving visitors. *See Robinson v. Illinois Correctional Cent. (Stateville) Warden*, 890 F. Supp. 715, 719 (N.D. Ill. 1995). Thus, Plaintiff fails to state a claim against Jones.

Plaintiff names Guy Pierce as a Defendant, indicating Pierce was previously a warden at Pontiac Correctional Center. Other than listing Pierce as a party-defendant, Plaintiff makes no claims against Pierce. Plaintiff fails to state any claims against Pierce.

For all the foregoing reasons, the Clerk shall issue summonses for service on Defendants Roger Walker, Jr.; Terry McCann; and Eddie Jones. The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendants' last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

## STATEMENT

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. First, Plaintiff has failed to show that he has made reasonable efforts to retain private counsel nor that he has been effectively precluded from making such efforts. *See Gil*, 381 F.3d at 656. In any event, although Plaintiff has articulated a colorable claim, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.